UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN DUKE and JANE DUKE,

    Plaintiffs,

v.                                          Case No. 2:23-cv-964-SPC-NPM

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

    Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 13) and Plaintiffs' response (Doc. 23). For the reasons below, the motion is denied.

## BACKGROUND

Defendant issued Plaintiffs a homeowners' insurance policy for Plaintiffs' Port Charlotte, Florida property. (Doc. 9 ¶¶ 2, 5).[1] The policy was "in full force and effect" on September 28, 2022, when Hurricane Ian hit. (*Id.* ¶ 6). The "property suffered damage as a result of wind caused by" the hurricane. (*Id.*). Plaintiffs gave Defendant "timely notice" of the property damage and

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

"otherwise complied with all conditions precedent," or Defendant waived the conditions. (*Id.* ¶ 8). Although the damage was covered under the policy, Defendant did not pay Plaintiffs everything due under the policy. (*Id.* ¶¶ 9–10). Accordingly, on September 19, 2023, Plaintiffs sued Defendant in state court for breach of the insurance policy. (*See id. passim*). Defendant removed the case to this Court based on diversity jurisdiction, (*see* Doc. 1), and then filed the instant motion to dismiss, (*see* Doc. 13).

## LEGAL STANDARDS

For a pleading to state a claim for relief, it "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Normally, at the pleading stage, courts are "limited to the four corners

of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "If the parties present, and the court considers, evidence outside the pleadings, the motion to dismiss generally must be converted into a motion for summary judgment." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). However, courts may consider documents incorporated by reference into the complaint and documents subject to judicial notice without converting the motion. *Id.*

## DISCUSSION

Defendant makes three arguments in its motion to dismiss. First, it argues that Plaintiff Stephen Duke did not have an insurable interest in the property at the time of the loss because Plaintiff Jane Duke was the property's sole owner. (Doc. 13 at 6). Defendant submits two exhibits supporting her sole ownership: (1) a webpage from the county property appraiser for the property (Doc. 13-1) and (2) search results from the land-records database DataTree for the property (Doc. 13-2). (*See* Doc. 13 at 3, 6). Second, Defendant contends that Plaintiff Jane Duke is not insured under the policy because she is neither a party to the policy nor an intended third-party beneficiary. (*Id.* at 7–8). And third, says Defendant, Plaintiff Jane Duke failed to satisfy the condition precedent of providing the Florida Department of Financial Services with written notice of her intent to sue. (*Id.* at 8–9). *See* Fla. Stat. § 627.70152(3)(a). Plaintiffs respond that they sufficiently allege standing to sue Defendant. (Doc.

23 at 5–10). They assert that Defendant "improperly introduce[s] exhibits . . . outside of the four corners of the complaint," and they offer their own exhibits for the Court to consider if the Court goes beyond the allegations in the complaint in deciding the motion. (*Id.* at 2–3; *see* Docs. 23-1, 23-2, 23-3, 23-4, & 23-5).

A district court "need not convert a motion to dismiss into a motion for summary judgment as long as [the court] does not consider matters outside the pleadings." *Harper v. Lawrence County*, 592 F.3d 1227, 1232 (11th Cir. 2010). The Court will not consider such matters in this case. Incorporation by reference and judicial notice are exceptions to the conversion rule, *Baker*, 67 F.4th at 1276, but Defendant does not contend that the complaint incorporates either of its two exhibits by reference—the complaint does not, (*see* Doc. 9)— nor does Defendant request that the Court take judicial notice of the exhibits, (*see* Doc. 13). Even if the mere submission of the exhibits could be construed as a request to take judicial notice of them, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). Here, Defendant would have to establish that Plaintiff Jane Duke's sole ownership of the insured property is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, the exhibits establish at most that she was an owner of the property, not that she was the only owner. (*See* Docs. 13-1 & 13-2). The exhibits do not eliminate all "reasonable dispute" that Plaintiff Stephen Duke also owned the property at the time of the loss. Fed. R. Evid. 201(b). Accordingly, the Court does not consider Defendant's exhibits.

Without the exhibits, the Court is left with the complaint's allegations, which do not address Plaintiff Stephen Duke or Plaintiff Jane Duke individually but address both Plaintiffs collectively as "Plaintiff," "Plaintiffs," and "Stephen Duke and Jane Duke." (*See* Doc. 9 (emphasis omitted)). The complaint refers to the property as belonging to both Plaintiffs. (*Id.* ¶¶ 5–7, 9). In the light most favorable to them, *see Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009), these allegations plausibly establish Plaintiff Stephen Duke's ownership of the property at the time of the loss and defeat Defendant's first argument. The complaint plausibly alleges that both Plaintiffs were parties to the policy, as well, (Doc. 9 ¶¶ 2, 4, 8), thereby defeating Defendant's second argument.

As for the third argument, the complaint makes the general claim that Plaintiffs "complied with all conditions precedent to entitle [them] to recover under the policy," or Defendant "waived all conditions to suit." (*Id.* ¶ 8). This general claim is permissible under Federal Rule of Civil Procedure 9(c), which

provides that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." "Under this rule, if a party disagrees with a general averment that the conditions precedent have been met, that party may raise the issue with a specific and particular denial." *Jackson v. Seaboard C. L. R. Co.*, 678 F.2d 992, 1009 (11th Cir. 1982). Here, Defendant raises the issue that Plaintiff Jane Duke did not provide the required notice of intent to sue. (Doc. 13 at 9). This issue will not be resolved at the pleading stage. *See EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 n.4 (5th Cir. 2020) ("[I]f the defendant properly challenges the [Rule 9(c)] allegation, a disputed issue will have been raised that *may be resolved only on a summary judgment motion or at trial*." (first alteration in original and emphasis added) (quoting Charles A. Wright & Arthur R. Miller, 5A Fed. Prac. & Proc. Civ. § 1303 (4th ed.))).

Accordingly, it is **ORDERED**

Defendant's Motion to Dismiss the Complaint (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, on February 8, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record